**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

**DENNIS B. REYNOLDS,**

*Plaintiff,*

v.

**Case No. 5:25-cv-44**

**DONALD L. SMITH,**

*Defendant*

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

NOW COMES the Plaintiff, Dennis Blake Reynolds, by and through counsel, and, pursuant to Federal Rule of Civil Procedure 15(a)(2) and, to the extent its amendment provision remains operative, Federal Rule of Civil Procedure 16(b)(4), respectfully moves the Court for leave to file the Second Amended Complaint attached as Exhibit 1. In support, the Plaintiff states as follows.

**BACKGROUND**

On July 20, 2026, the Court dismissed Counts III and VIII of the First Amended Complaint without prejudice and confirmed that the sole remaining claim is Count II's stigma-plus theory based on the VDCJS Notification. Mem. Op. 13 n.4, Dkt. No. 47; Order, Dkt. No. 48. The Court dismissed Count VIII because the falsity of the Brady letter's literal statement was not plausibly alleged and the March 10, 2025 transmission lacked factual anchors, and it dismissed Count III's dissemination theory on causation.

On July 17, 2026, the Plaintiff served verified answers to the Defendant's first interrogatories. Those sworn answers supply the dated, witnessed facts the Court found wanting. They describe the March 10, 2025 telephone call, at approximately 4:01 p.m., in which Chief Brad Metje of the Nelson County Sheriff's Office told the Plaintiff, in a call the Plaintiff memorialized in a contemporaneous note, that Nelson County wanted to hire him but could not because of the Brady letters in his personnel file, that there were two such letters although the Plaintiff has only ever been

given one, and that the Commonwealth's Attorney had disclaimed issuing Brady letters at all. They describe the Defendant's personal hand-delivery of the file, including the Brady letter, to Capt. Jeremiah Timpleton on February 27–28, 2025. And they cite, by page, the decertification-hearing record in which the Sheriff's Office's own major testified that the underlying complaint was unfounded.

The proposed Second Amended Complaint restates Count II without substantive change to preserve it, repleads Count VIII on those anchors and on a defamation-by-implication theory directed to the post-exoneration republications, and repleads Count III as an alternative employment-track claim for the Defendant's interference with his hiring by other agencies. It adds no parties and no new counts.

No trial date is set, and the Court has vacated the dispositive-motion deadline. Oral Order, Dkt. No. 52.

## ARGUMENT

### I. To the Extent Rule 16(b)(4) Applies, Good Cause Supports the Amendment.

The original scheduling order provided that "[e]xcept for good cause shown, any motion to amend the pleadings or join additional parties must be filed no later than 45 days from the date of this order." Scheduling Order ¶ 24, Dkt. No. 19. The Court vacated that scheduling order on December 12, 2025, retaining only the discovery and dispositive-motion dates, so the amendment provision may no longer operate. Oral Order, Dkt. No. 22. If it does, its own text supplies the standard, and good cause exists. After the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). The touchstone of good cause is diligence. *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 151–52 (4th Cir. 2020). No party could amend to cure defects before the Court identified them, and the Court identified them on July 20, 2026. The facts that anchor the repleaded counts entered the record in sworn answers served three days before the ruling, and the Plaintiff moved for leave within weeks of both. A party who moves

promptly after the ruling that defines what must be repleaded, on facts sworn into the record that same week, has acted with the diligence Rule 16(b)(4) requires.

## II. Justice Requires Leave to Amend Under Rule 15(a)(2).

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Justice requires it here because no ground for denial exists. There is no prejudice. No trial date is set, the dispositive deadline is vacated, and the Defendant has represented that "[t]here is no further discovery that Defendant intends to conduct." Def.'s Opp'n 2, Dkt. No. 50. There is no bad faith or dilatory motive. This is the Plaintiff's first request for leave since the July 20 ruling, made promptly on newly sworn facts.

Nor is the amendment futile. Count II is restated without substantive change; the Court has twice sustained it. Mem. Op. 23–31, Dkt. No. 25; Mem. Op. 13 n.4, Dkt. No. 47. Count VIII now pleads what the Court found missing. The March 10, 2025 transmission is anchored by a dated, witnessed telephone call and a contemporaneous note; the pleading identifies a second Brady letter never provided to the Plaintiff; and falsity is pleaded both directly, through the post-exoneration record, and by implication, with allegations that the Defendant intended or knowingly endorsed the false inference his 2025 presentations conveyed. Virginia law recognizes defamation by implication on precisely that showing. *See generally Pendleton v. Newsome*, 290 Va. 162, 772 S.E.2d 759 (2015) (recognizing defamation by implication under Virginia law where the circumstances of publication convey a defamatory meaning the speaker intended to imply); *Baylor v. Comprehensive Pain Mgmt. Ctrs.*, No. 7:09cv00472, 2011 U.S. Dist. LEXIS 37699 (W.D. Va. Apr. 6, 2011) (holding that literally true statements are actionable where the language reasonably imparts a false innuendo and affirmatively suggests that the author intends or endorses the inference). Count III repleads retaliation on the employment track, where a former employer's interference with hiring is measured by the ordinary adverse-action standard rather than the heightened filter for official speech, and it pleads but-for causation through the sworn seven-day chronology, a continuous retaliatory course through October 2025, and action at the Defendant's

first opportunity to reach a prospective employer, a theory the Fourth Circuit has sustained at the pleading stage across a longer gap than this one. *See Templeton v. First Tenn. Bank, N.A.*, 424 F. App'x 249, 251 (4th Cir. 2011) (vacating dismissal where the employer retaliated at its first opportunity approximately two years after the protected activity).

### III. The Repleaded Counts Relate Back Under Rule 15(c)(1)(B).

An amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The original Complaint pleaded the Nelson County refusal and the continued dissemination of the Brady letters; the First Amended Complaint pleaded the February and March 2025 publications themselves. The Second Amended Complaint adds evidentiary detail to those same occurrences. It asserts no claim arising from new conduct, and every repleaded count arises from the course of conduct the original pleading set out.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court grant leave to file the Second Amended Complaint attached as Exhibit 1 and deem it filed as of the date of the Court's order.

Respectfully submitted,

_______________/s/______________

Elliott M. Harding, Esq.
Virginia State Bar No. 90442
Counsel for Plaintiff Dennis B. Reynolds
HARDING COUNSEL, PLLC
2805 Meadow Vista Dr.
Charlottesville, Virginia 22901
Telephone: 434-962-8465
Email: Elliott@HardingCounsel.com

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

**CERTIFICATE OF SERVICE**

I hereby certify that Plaintiff's Motion for Leave to File Second Amended Complaint and Memorandum in Support was filed this 10th day of August, 2026, and a copy was sent via ECF notice to all opposing counsel.

Respectfully submitted,

_______________/s/______________

Elliott M. Harding, Esq.
Virginia State Bar No. 90442
Counsel for Plaintiff Dennis B. Reynolds
HARDING COUNSEL, PLLC
2805 Meadow Vista Dr.
Charlottesville, Virginia 22901
Telephone: 434-962-8465
Email: Elliott@HardingCounsel.com