UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| DENNIS B. REYNOLDS, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil Action No.: 5:25-CV-44 |
| | ) | |
| DONALD L. SMITH, | ) | |
| | ) | |
| *Defendant* | ) | |

**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE FIRST AMENDED COMPLAINT**

Defendant Donald L. Smith, by counsel, submits this response in opposition to Plaintiff's Motion to Amend the Amended Complaint (ECF No. 53) and states as follows.

**Background**

On October 28, 2025, this Court entered a Scheduling Order mandating that any amendments to pleadings, except for those made with good cause, must be made within forty-five days of that order being entered, making the deadline to amend December 12, 2025. (ECF No. 19 at 6.) On December 31, 2025, Plaintiff was granted leave to amend the original Complaint within twenty-one days, after Counts III and VIII were dismissed without prejudice. (ECF No. 25 at 45.) Plaintiff filed an Amended Complaint on January 22, 2026, which is the operative complaint in this action. (ECF No. 27.) On July 20, 2026, this Court again dismissed Counts III and VIII without prejudice but did not grant Plaintiff leave to amend. (ECF No. 47.) On August 10, 2026, after the close of discovery, Plaintiff filed the instant motion requesting leave to amend, primarily to revive Counts III and VIII. (ECF No. 53.)

TimberlakeSmith
Staunton, VA
540.885.1517

Plaintiff's request to amend should be denied because the amendment is not timely, the amendment at this late stage would prejudice the Defendant, and the amendment is futile. Defendant states the following in support.

**Legal Standard**

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course if certain conditions are met. Further amendments to the pleading can only be made with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). The Court should freely give leave when justice so requires. *Id*.

The Fourth Circuit has interpreted Rule 15(a) "to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards: A district court may deny leave if amending the complaint would be futile – that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (internal quotation marks omitted). Particularly, "[a]n amendment is futile when the proposed amended complaint does not state a claim under Fed. R. Civ. P. 12(b)(6)." *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 346 (D. Md. 2018), *aff'd sub nom. Oliver v. Bartholomew*, 785 F. App'x 166 (4th Cir. 2019).

TimberlakeSmith
Staunton, VA
540.885.1517

## **Argument**

I. Plaintiff's proposed amendment is not timely.

Here, the Scheduling Order required Plaintiff to submit any proposed amendment no later than December 2025, and the Court's Order dismissing Counts III and VIII the first time extended Plaintiff's time for leave to amend once already to January 2026. (ECF No. 19; 25 at 45.) The instant amendment comes eight months after the time for amending pleadings closed, so Plaintiff must show good cause to amend according to the Scheduling Order. (ECF No. 19 at 6.)

The Scheduling Order setting the deadline was not vacated by the December 12, 2025, Order. (ECF No. 22.) That Order merely canceled the trial date, reaffirmed the close of discovery, and amended some of the pretrial deadlines of the Scheduling Order. It did not amend the deadline to file an amended complaint and did not modify any other deadlines except for those expressly stated and those which necessarily would be changed by their reference to the trial date.

Plaintiff states he had good cause to amend the Amended Complaint because he recently responded to interrogatories which contained facts not alleged in the Complaint and because he did not know of the deficiencies in his claims before the Court ruled on the Motion to Dismiss in July 2026. (ECF No. 53 at 2-5.)

Plaintiff does not allege that he learned of new facts requiring amendment, only that facts already known to him have now been provided to the Defendant through interrogatory responses. This is not good cause and may be bad faith. *Plant v. Rapid EPS Ltd.*, 2019 U.S. Dist. LEXIS 230557, at *2-3 (W.D.N.C. Feb. 5, 2019) (where a plaintiff withholds known facts supporting the amendment of a complaint, the amendment is offered in bad faith). Nor is Plaintiff's argument convincing that he did not know how his claim was deficient before the Court ruled on Defendant's Motion to Dismiss the Amended Complaint. The Plaintiff was on notice that his allegations were

TimberlakeSmith
Staunton, VA
540.885.1517

deficient when the claims were originally dismissed in December 2025 and when Defendant filed his Motion to Dismiss and Reply in Support in February and March 2026, respectively. There is no availing explanation as to why Reynolds could not have moved to include the additional information known to him that he claims bolsters his allegations before.

II. Defendants would be prejudiced if Plaintiff was granted leave to amend.

Here, Defendants would be prejudiced if the Amended Complaint was subject to further amendment at such a late date. Discovery has closed, and Plaintiff has asserted new allegations not present in the Amended Complaint that Defendant would likely need to further explore with discovery requests if amendment was permitted.

Plaintiff's proposed Second Amended Complaint includes allegations about the following topics that are not mentioned in the Amended Complaint. His new claims reference a second *Brady* letter other than the one that formed the basis of his claims in the Amended Complaint. (ECF No. 53-1 ¶¶ 14, 21, 37.)

He also expands his claim regarding the inability to obtain law enforcement-related employment to eight additional agencies other than the one referenced in the Amended Complaint, namely the Nelson County Sheriff's Office. (*Contrast* ECF No. 27 ¶ 14 *with* ECF No. 53-1 ¶¶ 22, 28.)

Plaintiff adds completely new allegations that (1) Sheriff Smith verbally disparaged Plaintiff to NCSO; (2) Sheriff Smith upon information and belief, had someone sign a non-disclosure agreement regarding an investigation into Plaintiff; (3) Sheriff Smith "contact[ed] Wintergreen;" (4) that Commonwealth Attorney Timothy Martin stated to NCSO Chief Brad Metje that he "did not 'do'" *Brady* letters; (5) that Defendant and Mr. Martin "did not have very nice things to say"

TimberlakeSmith
Staunton, VA
540.885.1517

about Plaintiff to Metje; and (6) that Plaintiff was allegedly assaulted in the Sheriff's Office by unknown individual(s) and under unknown circumstances. (ECF No. 53-1 ¶¶ 14, 20, 32, 40.)

Because the Amended Complaint did not inform Defendant of these new allegations until after the close of discovery, Defendant did not have the opportunity to conduct discovery into any of these matters and the evidence that Plaintiff plans to submit at trial to support these allegations. If the amendment was permitted, Defendant would need to propound further interrogatories and requests for production on Plaintiff to discover the basis for these claims and Plaintiff's evidence in support; propound third-party subpoenas duces tecum to discover evidence underlying these claims; and Defendant may also need to depose persons with knowledge of the aforementioned new allegations.

While it is not at all clear why Plaintiff added in the allegation, made upon information and belief, that he was assaulted by unknown persons in the Sheriff's Office, Defendant would be entitled to discovery on the basis for this claim and its relevance to the legal claims asserted against him. If the allegation is not related, and it appears not to be, then the allegation may rise to the level of bad faith as it has no purpose in furthering the claims against the Defendant; is made without adequate support since it is made only upon information and belief, and its only apparent purpose is to inflame. *Wilkins v. Wells Fargo Bank, N.A.*, No. 2:15CV566, 320 F.R.D. 125, 2017 U.S. Dist. LEXIS 39105, 2017 WL 1031717, at *2 (E.D. Va. Mar. 8, 2017) (citations omitted) ("[b]ad faith includes seeking to amend a complaint for an improper purpose, or seeking leave to amend after repeated 'pleading failures.'"); *see GSS Props., Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. 1988) ("Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage.").

TimberlakeSmith
Staunton, VA
540.885.1517

Because discovery is now closed, Defendant would be cut off from preparing his case due to these eleventh-hour additions and would be significantly prejudiced if amendment was permitted.

III. Plaintiff's proposed amendment is futile.

a. *Plaintiff's amendments to his First Amendment claim (Count III) are futile because his new allegations did not fix the deficiencies identified by the Court.*

For the reasons stated in Defendant's Motion to Dismiss the Amended Complaint and Reply in Support (ECF Nos. 32, 44), Plaintiff's First Amendment claim fails to state a claim.

Additionally, this Court dismissed Plaintiff's First Amendment claim because it found a "retaliatory" investigation does not form the basis of a First Amendment claim and that Defendant was entitled to qualified immunity on that point and that Plaintiff failed to establish causation. (ECF No. 47 at 18-21.) Plaintiff does not allege any further facts in support of his claim that should change this Court's analysis on whether any retaliatory investigation would state a claim; therefore, such claim would not survive a motion to dismiss.

As for causation, the Court found the Plaintiff failed to plead causation because he did not adequately allege Defendant knew of the protected conduct in question, namely Plaintiff's report to the EEOC, because Plaintiff made conclusory assertions of knowledge made upon information and belief which are not sufficient to state a plausible claim. (ECF No. 47 at 21-22.) That has not changed here. Plaintiff's allegations that Defendant knew of the EEOC filing are still made upon information and belief and are thus insufficient to establish causation. (ECF No. 53-1 ¶¶ 14-15.)

Further, the Court found inadequate allegations of causation because the February and March 2025 republications of the *Brady* letter were too attenuated from the 2023 EEOC filing to establish causation. (ECF No. 47 at 22-23.) Plaintiff has not alleged any earlier activity by Defendant that would suggest any type of temporal proximity or continuing conduct sufficient to plausibly allege causation.

TimberlakeSmith
Staunton, VA
540.885.1517

Additionally, the Court found causation was lacking because Defendant had a statutory duty to disclose the *Brady* letters to NCSO, indicating a substantial non-retaliatory reason for the disclosure. (ECF No. 47 at 23.) Plaintiff's proposed amendments do not fix this issue either with respect to the *Brady* letters, as the statutory duty remains to disclose a law enforcement officer's personnel file when requested by a prospective employer.

For all these reasons, Plaintiff's First Amendment claim as amended could not survive a motion to dismiss.

b. *Plaintiff's amendments to his defamation claim (Count VIII) are futile because Plaintiff did not fix the deficiencies identified by the Court and his expanded allegations are not pled in any detail and are barred by the statute of limitations.*

This Court found Plaintiff failed to state a claim for defamation by publication of the *Brady* letter concerning the investigation of Plaintiff's brother, because the statements made therein were not adequately alleged to be false. (ECF No. 47 at 14-16.) Plaintiff reincorporated those same allegations into his proposed Second Amended Complaint. (ECF No. 53-1 at 1.) Plaintiff does not otherwise include allegations suggesting that a *report* was not made that he made a false statement during his brother's hit-and-run investigation. Therefore, Plaintiff cannot establish falsity of the statements made in that *Brady* letter.

The Court also dismissed the defamation claim as to the March 10, 2025, republication because Plaintiff's allegation that the Defendant was involved in the publication was speculative, as such allegations were made "upon information and belief" and lacked sufficient data to support an inference that Smith had anything to do with this republication. (ECF No. 47 at 16-17.) The proposed amendments do not fix this issue either. Plaintiff's allegation did change slightly. The claim is now that "Upon information and belief, on or about March 10, 2025, the Defendant or the ACSO *at his direction* also transmitted a Brady letter to the NCSO." (ECF No. 53-1 at 5 (emphasis

TimberlakeSmith
Staunton, VA
540.885.1517

added).) Like the deficiency in his Amended Complaint, the allegation that Sheriff Smith was involved made upon information and belief is too speculative to state a claim. Plaintiff's addition that, upon information and belief, Sheriff Smith directed some unknown person at the Sheriff's Office to transmit the letter does not save the claim. The allegation still lacks any data establishing any facts, as opposed to guesses, that could support an inference that Sheriff Smith was involved in the March 2025 republication.

Plaintiff asserts new instances of defamation in his proposed Second Amended Complaint that also must fail.

Plaintiff failed to allege the newly alleged statements were defamatory. Plaintiff alleges that a second *Brady* letter "appear[ed]" in his personnel file and that Sheriff Smith subsequently provided the personnel file to the Nelson County Sheriff's Office. (ECF No. 53-1 ¶¶ 14.) Plaintiff alleges he is unaware if this *Brady* letter, or the one involving his brother's investigation, were ever rescinded by the Commonwealth Attorney's Office. (ECF No. 53-1 ¶ 21.) He also claims that Sheriff Smith "did not have very nice things to say" about Plaintiff when Smith verbally spoke with Chief Metje on or about March 10, 2025. (ECF No. 53-1 ¶¶ 20, 37.)

Plaintiff does not describe what the second *Brady* letter said or what Sheriff Smith verbally said to Metje in any detail whatsoever. Plaintiff does not even allege that either statement was false. Therefore, Plaintiff has not alleged that either statement is capable of defamatory meaning. *See Yeagle v. Coll. Times*, 255 Va. 293, 295 (1998) ("[S]peech which does not contain a provably false factual connotation, or statements which cannot reasonably be interpreted as stating actual facts about a person cannot form the basis of a common law defamation action."); *Hyland v. Raytheon Tech. Servs. Co.*, 277 Va. 40, 47 (2009) ("[B]efore submitting a defamation claim to a jury, a trial judge must determine as a matter of law whether the allegedly defamatory statements contain

TimberlakeSmith
Staunton, VA
540.885.1517

provably false factual statements or are merely statements of opinion.”); *Squitieri v. Piedmont Airlines, Inc.*, 2018 U.S. Dist. LEXIS 25485, at *14 (W.D.N.C. Feb. 16, 2018) (holding that to the extent a plaintiff’s defamation claims rely on statements that are not specifically identified, the claims must fail); *Leitner v. Liberty U., Inc.*, No. 6:19-cv-00029, 2020 U.S. Dist. LEXIS 228143, at *36 (W.D. Va. Dec. 4, 2020); *see also Eramo v. Rolling Stone, LLC*, No. 3:15-CV-00023, 2016 U.S. Dist. LEXIS 150587, at *4-5 (W.D. Va. Oct. 31, 2016) (“[A] defamation plaintiff ‘ought to specify the defamatory statements, even under the liberal federal pleading regime.’”) (citation omitted).

Also, the verbal statements supposedly made to Metje in March 2025 are barred by the statute of limitations. The Amended Complaint did not contain any allegations about verbal statements made by Smith to Metje; therefore, this claim does not arise out of the same conduct, transaction, or occurrence as the Amended Complaint and does not relate back. *See* Fed. R. Civ. P. 15(c)(1). The one-year defamation statute of limitations would have run in March 2026. *See* Va. Code Ann. § 8.01-247.1. The August 2026 amendment is too late.

For all these reasons, Plaintiff’s defamation claim as amended could not survive a motion to dismiss.

## **Conclusion**

WHEREFORE, Defendant respectfully requests that this Court deny Plaintiff’s motion to amend and afford him such other and further relief as this Court finds appropriate.

DONALD L. SMITH,

By Counsel

TimberlakeSmith
Staunton, VA
540.885.1517

Respectfully submitted,

By: /s/ Brittany E. Shipley

Rosalie Pemberton Fessier
VSB # 39030
Brittany E. Shipley
VSB # 93767
Attorneys for Defendant Smith
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax: 540/885-4537
email: rfessier@timberlakesmith.com
bshipley@timberlakesmith.com

CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Brittany E. Shipley

Rosalie Pemberton Fessier
VSB # 39030
Brittany E. Shipley
VSB # 93767
Attorneys for Defendant Smith
Timberlake**Smith**
25 North Central Avenue
P. O. Box 108
Staunton, VA 24402-0108
phone: 540/885-1517
fax: 540/885-4537
email: rfessier@timberlakesmith.com
bshipley@timberlakesmith.com

TimberlakeSmith
Staunton, VA
540.885.1517