CLERKS OFFICE
US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
10/21/2026
LAURA A. AUSTIN, CLERK
BY: s/J. Lopez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| DENNIS B. REYNOLDS, Plaintiff, | ) | Civil Action No. 5:25-cv-00044 |
| v. | ) | ORDER |
| DONALD L. SMITH, Defendant. | ) | By: Joel C. Hoppe, United States Magistrate Judge |

This matter is before the Court on Plaintiff's motion to extend the discovery deadline and the time for filing dispositive motions. Pl.'s Mot., ECF No. 46 (July 15, 2026). The presiding District Judge's scheduling orders require the parties to complete discovery by July 21, 2026, and to file dispositive motions by August 20, 2026. *See* Oral Order of Dec. 12, 2025, ECF No. 22; Sched. Order ¶ 4, ECF No. 19 (Oct. 28, 2025). The District Judge has vacated the dispositive motions deadline and will set a new deadline after this motion for extension of time is resolved. Oral Order of July 30, 2026. Thus, only Plaintiff's request to extend the July 21, 2026 discovery deadline remains. Defendant opposes that request. Def.'s Br. in Opp'n, ECF No. 50.

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (cleaned up). "[W]hatever other factors" might also be "considered, the good-cause standard will not be satisfied if the district court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *Id.* (cleaned up).

*

The District Judge gave the parties until July 21, 2026, to complete discovery. Oral Order of Dec. 12, 2025; *see* Fed. R. Civ. P. 16(b). In his motion, Plaintiff assetts there is "good reason" to modify that deadline because

> [a]n extension will allow for the parties to complete discovery in the most efficient manner and would prove valuable for both parties so as to review the responses and determine which witnesses may need to be deposed before dispositive motions are filed and would assist any efforts for pretrial resolution between the parties themselves.

Pl.'s Mot. ¶¶ 11–12; *see also id*. ¶ 14 ("Without an extension so that discovery may remain narrowly focused to any or all claims that are to remain viable, the parties will waste material resources, finances, time, and their limited number of discovery requests as provided by the Federal Rules of Civil Procedure."). He does not explain how these reasons—which exist in every civil case—satisfy Rule 16's "good cause" standard, particularly as to diligence. Fed. R. Civ. P. 1, 26(g)(1).

Plaintiff's motion focuses almost exclusively on the fact that Defendant's Rule 12(b)(6) motion to dismiss his repleaded Counts III and VIII was still pending on July 15, 2026. Pl.'s Mot. ¶ 11; *accord id.* ¶¶ 7–10, 13–14. "[A]nd, as a result" of the case's procedural posture, he now believes

> that *the parties are not able to complete discovery due to the general inability to determine* which witnesses may need to be deposed or which third parties may necessarily need to be subject to subpoenas duces tecum because the claims at issue involve different material facts, different fact witnesses, and different documents and records that would prove relevant for trial, depositions, or dispositive motions.

*Id.* ¶ 7 (emphasis added). *But see* Def.'s Br. in Opp'n 2 ("The parties have had sufficient time to conduct discovery under the existing schedule."). He does not explain why Defendant's then-pending motion to dismiss is "good cause" to extend the discovery deadline. Fed. R. Civ. P. 16(b)(4); *cf. Nat'l Coatings & Supply, Inc. v. Valley Forge Ins. Co.*, No. 5:20cv275, 2020 WL 9813550, at *1 (E.D.N.C. Oct. 15, 2020) (noting that motions to stay discovery pending a court's

resolution of a motion to dismiss "are disfavored because when discovery is delayed or prolonged it can create case management problems, which may interfere with the [c]ourt's responsibility to expedite discovery and avoid unnecessary litigation expenses" (cleaned up)).

Finally, Plaintiff does not show that he diligently conducted discovery to meet the deadline of July 21, 2026. *Compare* Pl.'s Mot. ¶¶ 6–14 (discussing the fact of Defendant's outstanding Rule 12(b)(6) motion), *with* Def.'s Br. in Opp'n 1–3 (discussing Defendant's specific discovery efforts). According to Plaintiff's motion, "Plaintiff issued his first request for interrogatories on July 13, 2026." Pl.'s Mot. ¶ 10. The original Scheduling Order requires the parties to "serve all written discovery with enough time to allow the responding party to respond on or before the deadline to complete discovery." Sched. Order ¶ 4. Under Rule 33, Defendant must respond to Plaintiff's first set of interrogatories within 30 days after being served with them. Fed. R. Civ. P. 33(b)(2). Thus, Defendant's responses were not due until August 13, 2026—more than three weeks *after* the Court's deadline to complete discovery. *See* Fed. R. Civ. P. 6(a)(1).

Plaintiff did not act diligently to meet this Court's July 21, 2026 deadline to complete discovery. His motion to modify the scheduling order, ECF No. 46, is therefore **DENIED**.

It is so ORDERED.

ENTER: October 21, 2026



Joel C. Hoppe
U.S. Magistrate Judge