CLERKS OFFICE
US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
10/21/2026
LAURA A. AUSTIN, CLERK
BY: s/J. Lopez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| DENNIS B. REYNOLDS, Plaintiff, | ) | Civil Action No. 5:25-cv-00044 |
| v. | ) | REPORT & RECOMMENDATION |
| DONALD L. SMITH, Defendant. | ) | By: Joel C. Hoppe, United States Magistrate Judge |

This matter is before the Court on Plaintiff's motion to file a second amended complaint. Pl.'s Mot. (citing Fed. R. Civ. P. 15(a)(2), 16(b)(4)), ECF No. 53. Plaintiff seeks to reassert two claims—Count III and Count VIII—that the presiding District Judge has twice dismissed without prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] Pl.'s Mot. Ex. 1, Prop. 2d Am. Compl. 1 (citing ECF Nos. 26, 48), ECF No. 53-1; Order of July 20, 2026, at 1 (dismissing Count III and Count VIII of the Amended Complaint), ECF No. 48; Order of Dec. 31, 2025, at 2 (dismissing Count III and Count VIII of the Complaint with leave to amend), ECF No. 26.

## I. Summary

Plaintiff argues that good cause exists to let him make these amendments now, Fed. R. Civ. P. 16(b)(4); Sched. Order ¶ 24, ECF No. 19, because he could not "amend to cure defects before the Court identified them, and the Court identified them on July 20, 2026," Pl.'s Mot. 2

[1] The parties and the Court are familiar with Counts III and VIII as pled in Plaintiff's Complaint (May 2025) and Amended Complaint (Jan. 2026), respectively. *See* Compl. ¶¶ 11–116, 143–56, 206–221, ECF No. 1; Am. Compl. ¶¶ 1–16, 17–31, 32–48, ECF No. 27. The District Judge explained her rationale for dismissing those Counts in December 2025 and again in July 2026 in her Memorandum Opinions filed at ECF No. 25 and ECF No. 47, respectively. *See* Mem. Op. of Dec. 31, 2026, at 31–34, 40–42, ECF No. 25; Mem. Op. of July 20, 2026, at 13–23, ECF No. 47. Her first Memorandum Opinion also explains why she gave Plaintiff leave to amend Counts III and VIII under Rule 15(a)(2). Mem. Op. of Dec. 31, 2025, at 43–45. She did not grant leave to amend in July 2026.

(citing ECF No. 48). Plaintiff also argues that "[t]here is no prejudice" to Defendant in letting him reassert these two claims and that his proposed amendments are not futile because "Count VIII now pleads what the Court found missing," *id.* at 3, and Count III pleads "an alternative employment-track claim for the Defendant's interference with his hiring by other agencies," *id.* at 2. *See id.* at 1–4. Defendant opposes Plaintiff's motion. Def.'s Br. in Opp'n, ECF No. 54. He argues that Plaintiff has not shown good cause for modifying the Scheduling Order's deadline for moving to amend the pleadings, Fed. R. Civ. P. 16(b)(4), and that the proposed amendments are prejudicial and futile, Fed. R. Civ. P. 15(a)(2). *See generally* Def.'s Br. in Opp'n 3–9.

I agree that Plaintiff has not shown good cause under Rule 16(b)(4). Accordingly, this Report & Recommendation does not address the parties' arguments under Rule 15(a)(2)'s liberal "freely give leave" standard.[2] *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008).

## II. Background

The District Judge entered the Scheduling Order on October 28, 2025. Sched. Order, ECF No. 19. The Order "limit[ed] the time to . . . amend the pleadings," Fed. R. Civ. P. 16(a)(3)(A), on a party's motion under Rule 15(a)(2).[3] *See* Sched. Order ¶ 24. "Except for good cause shown,

---

[2] "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave should be denied "only when 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" *Moon v. BMX Techs., Inc.*, 956 F. Supp. 2d 711, 714 (W.D. Va. 2013) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)), *aff'd*, 577 F. App'x 224 (4th Cir. 2014).

[3] It also limited the time to join other parties and complete discovery, among other things. Fed. R. Civ. P. 16(a)(3); *see, e.g.*, Sched. Order ¶¶ 2–4, 22, 24. On December 12, 2025, the District Judge entered an oral order extending the initial deadlines to make expert disclosures, complete discovery, and file dispositive motions. *See* Oral Order of Dec. 12, 2025 (citing ECF Nos. 19, 21), ECF No. 22. Contrary to Plaintiff's assertion, this order did not "vacate[]" the Scheduling Order *itself*, and no part of it indicates that "the [Rule 15] amendment provision may no longer operate" here. Pl.'s Mot. 2 (citing Sched. Order. ¶ 24; Oral Order of Dec. 12, 2025). Accordingly, Plaintiff must show good cause to modify that scheduling provision under Rule 16(b)(4) before the Court is required to consider his motion to amend under Rule 15(a)(2). *See generally Nourison Rug Corp.*, 535 F.3d at 298–99; *cf. JTH Tax, Inc. v. H&R Block E. Tax*

*any motion* to amend the pleadings . . . *must be filed* no later **45** days from the date of this order." Sched. Order ¶ 24 (italics added). This timeframe gave the parties through December 12, 2025, to file any motion under Rule 15(a)(2). *See* Fed. R. Civ. P. 6(a). After December 12, a party must show "good cause" why the court should even consider its motion to amend on the merits. Sched. Order ¶ 24; Fed. R. Civ. P. 16(b)(4); *see*, *e.g.*, *Faulconer v. Centra Health*, 808 F. App'x 148, 152–53 (4th Cir. 2020) (citing *Nourison Rug Corp.*, 535 F.3d at 298–99). Plaintiff filed this motion to amend on August 10, 2026. ECF No. 53.

III. The Legal Framework

"Good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (cleaned up) (applying Fed. R. Civ. P. 16(b)(4)); *see Eichin v. Ethicon End-Surgery, LLC*, 173 F.4th 124, 127 (4th Cir. 2026). As most relevant here,

> the district court *must* examine whether the movant *had been diligent, though unsuccessful, in attempting to acquire the information that would have formed the basis of a timely motion to amend.* To be sure, the movant's conduct in the period between the deadline and the untimely motion is also relevant to showing continued diligence in acquiring the information. But the court's focus is appropriately and necessarily on the movant's overall conduct of the case, *and in particular what action led to missing the scheduling order's deadline.*

*Cook*, 484 F. App'x at 819 (second and third emphasis added). The court's analysis begins with the party's own explanation why its tardy motion to amend should be excused. *See Montgomery v. Anne Arundel Cty.*, 182 F. App'x 156, 162 (4th Cir. 2006) ("Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party."); *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372,

*Servs.*, 359 F.3d 699, 705 (4th Cir. 2004) ("When a district court's decision is based on an interpretation of its own order, our review is even more deferential because district courts are in the best position to interpret their own orders.").

374 (D. Md. 2002) ("[I]t would behoove Plaintiff to provide the Court with *some* basis on which to judge good cause and Plaintiff has failed to do so.").

IV. Discussion

To show good cause, Plaintiff must give a reasoned explanation why, not withstanding his diligent efforts to do so, he could not have filed this motion to amend by December 12, 2025. He has not done so. In addressing good cause, Plaintiff's motion focuses on the three-week window from the date that the District Judge issued her order dismissing Counts III and VIII for the *second* time (July 20, 2026) and the date that his attorney filed this motion to amend (August 10, 2026). *See* Pl.'s Mot. 2–3. Plaintiff argues that "[n]o party could amend to *cure defects before the Court identified them*, and the Court identified them on July 20, 2026." *Id.* at 2 (emphasis added). In other words, Plaintiff appears to argue that the failure to state a plausible claim for relief in a prior pleading, without more, is good cause to excuse the failure to comply with the court's Rule 15 motion deadline. Plaintiff's motion does not cite any legal authority to support his position that the time to amend a pleading under Rule 16's "good cause" standard runs from when the District Court rules on a motion to dismiss.

In any event, I cannot agree with Plaintiff's position. *See, e.g.*, *Cole v. Lucid*, No. 3:24cv19, 2025 WL 2364609, at *3 (W.D. Va. Aug. 13, 2025) ("[I]t is the express inclusion" of a specific deadline in a scheduling order "that triggers Rule 16(b)(4)'s good cause standard"). A party does not show diligence by waiting for the District Court to identify deficiencies in his pleading and then, only after a motion to dismiss has been granted without leave to amend and the Rule 16 deadline has expired, moving to amend the pleading. *Cf. United States v. Hartford Accident & Indem. Co.*, Civ. No. JKB-14-2148, 2016 WL 386218, at *6 (D. Md. Feb. 2, 2016) (plaintiff who waited for defendant to produce a specific document in discovery before filing a

tardy motion to amend its complaint did not show good cause under Rule 16(b)(4) because "a party need not wait on evidentiary confirmation before pleading a claim for which it has a reasonable, good-faith basis" (quotation marks omitted)).

Plaintiff also appears to argue that he could not have sufficiently pled Counts III and VIII when he filed his first amended complaint in January 2026 because, "[t]he facts that anchor the[se] repleaded counts entered the record in sworn answers served three days before the ruling" in which the District Judge dismissed both Counts for the second time. Pl.'s Mot. 2; *see id.* at 1–3. Yet both this motion and the parties' other filings show that Plaintiff had these facts all along. *See Cook*, 484 F. App'x at 818–19. "On July 17, 2026, the *Plaintiff served* verified *answers to* the *Defendant's* first set of interrogatories. *Those sworn answers* supply the dated, witnessed facts the Court found wanting." Pl.'s Mot. 1 (emphasis added); *see id.* at 1–3 (summarizing the relevant facts); *accord* Pl.'s Mot. Ext. Time 3 ("Notably, the Defendant issued his first set of interrogatories . . . on June 17, 2026 and the Plaintiff will have those responses provided by July 17, 2026. The Plaintiff will have those responses provided by July 17, 2026."); Def.'s Br. in Opp'n 3 ("Plaintiff does not allege that he learned of new facts requiring amendment, only that facts already known to him have now been provided to the Defendant through interrogatory responses."). Nowhere does Plaintiff explain why *he* needed to answer *Defendant's discovery requests* in order to plead facts that he "simply failed to raise" in at least one prior complaint. *Faulconer*, 808 F. App'x at 152. Plaintiff cannot establish good cause under these circumstances. *See, e.g.*, *id.*; *Cook*, 484 F. App'x at 818–19; *Nourison Rug Corp.*, 535 F.3d at 297; *Hartford Accident & Indem. Co.*, 2016 WL 386218, at *6.

## V. Conclusion

Plaintiff has not shown good cause to modify the Scheduling Order under Rule 16(b)(4). Accordingly, I respectfully recommend that the presiding District Judge **DENY** his motion to file a second amended complaint, ECF No. 53, **with prejudice**.

**Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the presiding District Judge.

The Clerk shall send copies of this Report and Recommendation to all counsel of record.

ENTER: October 21, 2026

Joel C. Hoppe
U.S. Magistrate Judge