UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DENNIS B. REYNOLDS,<br>Plaintiff,<br><br>v.<br><br>DONALD L. SMITH,<br>Defendant. | Civil Action No. 5:25-cv-00044 |

# Plaintiff Dennis B. Reynolds's Objections to the Report and Recommendation on His Motion for Leave to File Second Amended Complaint

## PRELIMINARY STATEMENT

Rule 16(b)(4) excuses a deadline the movant could not reasonably meet despite diligence. The amendment deadline was December 12, 2025. Nineteen days later, the Court dismissed Count III and the timely allegations of Count VIII without prejudice and authorized the Amended Complaint. After a second dismissal without prejudice on July 20, 2026, Reynolds moved within twenty-one days to replead. Did he show good cause to amend a pleading that did not exist at the deadline?

A denial of leave to amend can preclude the proposed claims in a later action unless the court directs otherwise, and Virginia's tolling statute does not apply after a dismissal with prejudice. The Report and Recommendation decided only that Reynolds moved too late. If the Court denies leave, should the denial be without prejudice to asserting Counts III and VIII in a separate action?

## SPECIFIC OBJECTIONS

1. Reynolds objects to the finding that, to show good cause, he had to explain why he "could not have filed this motion to amend by December 12, 2025." He also objects to the finding that "[a] party does not show diligence by waiting for the District Court to identify deficiencies in his pleading and then, only after a motion to dismiss has been granted without leave to amend and the Rule 16 deadline has expired, moving to amend the pleading." (R. & R. 4, Dkt. No. 56.) The Amended Complaint did not exist on December 12, 2025, and Reynolds moved to replead within the period the Court had allowed after its first dismissal without prejudice.
2. Reynolds objects to the finding that he "had these facts all along" and therefore cannot show good cause. (R. & R. 5, Dkt. No. 56.) The known-facts rule addresses a claim the movant failed to raise, and Reynolds pleaded Smith's conduct underlying both counts from the outset.
3. Reynolds objects to the recommendation that his motion be denied "with prejudice." (R. & R. 6, Dkt. No. 56.) A ruling that an amendment is untimely does not determine the merits of Counts III and VIII.

## BACKGROUND

In the original Complaint, Count VIII alleged that Smith continued to send *Brady* letters to prospective employers after the Criminal Justice Services Board reinstated Reynolds, and that the Nelson County Sheriff's Office declined to hire him because of those letters. (Compl. ¶¶ 105–106, 215–216, Dkt. No. 1.) Count III alleged the same distribution of *Brady* letters as ongoing retaliation. (*Id.* ¶ 154.)

Reynolds asked for leave to amend before any scheduling order existed. In his June 2025 opposition to Smith's first motion to dismiss, he requested leave under Rule 15(a)(2) if the Court found the Complaint deficient. (Pl.'s Opp'n 10–11, Dkt. No. 12; Mem. Op. 44, Dkt. No. 25.)

The Court entered its Scheduling Order on October 28, 2025, while that motion was pending. (Sched. Order 1, Dkt. No. 19; Mem. Op. 16–17, 45, Dkt. No. 25.) Paragraph 24 required that, "[e]xcept for good cause shown, any motion to amend the pleadings" be filed "no later than 45 days from the date of this order." (*Id.* ¶ 24.) That period ended on December 12, 2025. (R. & R. 3, Dkt. No. 56.)

On December 31, 2025, nineteen days after that deadline, the Court dismissed Count III and the timely allegations of Count VIII without prejudice and granted Reynolds leave to amend both counts. (Mem. Op. 43–45, Dkt. No. 25; Order 1–2, Dkt. No. 26.) Of Counts III and VIII, it dismissed with prejudice only the part of Count VIII that the one-year limitations period barred. That part rested on the July 17, 2023 decertification notification and on any *Brady* letters published before May 14, 2024. (Mem. Op. 40, 43, 45, Dkt. No. 25; Order 1, Dkt. No. 26.)

The Court dismissed Count VIII because the Complaint did not identify the defamatory statements, when and how they were published, or to whom, and it stated that without knowing which allegations the letters repeated it could not "effectively evaluate" whether the *Brady* letters contained actionable statements of fact. (Mem. Op. 41–43, Dkt. No. 25.) The Court granted leave under Rule 15(a)(2) alone, noted that Smith had not asserted that amendment would prejudice him, and found that amendment would not be futile because Reynolds "could allege sufficient facts that would allow Counts III and VIII to proceed." (Mem. Op. 43–44, Dkt. No. 25.) The Court

did not require Reynolds to show good cause under Rule 16(b)(4). (*Id.* at 43–44.) Reynolds filed the Amended Complaint on January 21, 2026, within the twenty-one days the Court allowed. (Mem. Op. 44, Dkt. No. 25; Am. Compl. 1, Dkt. No. 27.)

In the Amended Complaint, Count VIII alleged that Smith defamed Reynolds by republishing a *Brady* letter to the Nelson County Sheriff's Office after Reynolds applied for employment there. (Mem. Op. 7–8, 13, Dkt. No. 47.) Count III alleged that Smith retaliated against Reynolds for his EEOC complaint by asking the Virginia State Police to open a criminal investigation of him and by disseminating *Brady* letters to prosecutors and defense counsel. (*Id.* at 17–18.)

Smith moved to dismiss the Amended Complaint on February 11, 2026. (Def.'s Mot. Dismiss Am. Compl. 1, Dkt. No. 32.) On July 20, 2026, after Reynolds opposed the motion, the Court allowed Count II to proceed. (Pl.'s Opp'n 1, Dkt. No. 38; Pl.'s Am. Resp. 1, Dkt. No. 39-1; Mem. Op. 24, Dkt. No. 47.) Although it held that the Amended Complaint did not plausibly allege that the *Brady* letter contained a false statement or that Smith acted with malice, that the allegation of a March 10, 2025 transmission lacked factual support, that Smith had qualified immunity as to the alleged initiation of a criminal investigation, and that Count III did not otherwise state a claim for First Amendment retaliation, the Court again dismissed Counts III and VIII without prejudice. (Mem. Op. 14–17, 20–24, Dkt. No. 47; Order 1, Dkt. No. 48.) The Order did not address leave to amend. (Order 1, Dkt. No. 48.)

Twenty-one days later, on August 10, 2026, Reynolds moved for leave to file a Second Amended Complaint. (Pl.'s Mot. Leave File 2d Am. Compl. 1, Dkt. No. 53.) The proposed pleading repleads Count VIII with a dated account of a March 10, 2025 telephone call in which Chief Brad Metje of the

Nelson County Sheriff's Office told Reynolds that Nelson County wanted to hire him but could not because of the *Brady* letters in his personnel file, and with a theory of defamation by implication. It repleads Count III as a claim that Smith retaliated by interfering with Reynolds's hiring by other agencies. (Prop. 2d Am. Compl. ¶¶ 19–20, 32, 37–38, Dkt. No. 53-1; Pl.'s Mot. Leave File 2d Am. Compl. 1–3, Dkt. No. 53.) Smith opposed the motion as untimely, prejudicial, and futile, and he suggested that it was made in bad faith. (Def.'s Opp'n 2–9, Dkt. No. 54.) On October 21, 2026, the Magistrate Judge found that Reynolds had not shown good cause under Rule 16(b)(4) and recommended that the motion be denied with prejudice. (R. & R. 4–6, Dkt. No. 56.) The Report and Recommendation did not reach Smith's arguments under Rule 15(a)(2), including futility. (R. & R. 2, Dkt. No. 56.)

## STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and it "may accept, reject, or modify, in whole or in part," the recommendation. 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3). An objection triggers de novo review when it is specific enough "reasonably to alert the district court of the true ground for the objection." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). Each objection above identifies the page and finding it challenges and states the ground for the objection.

The Magistrate Judge proceeded by report and recommendation and gave notice of de novo review under § 636(b)(1)(C). (R. & R. 6, Dkt. No. 56.) This Court has reviewed a recommendation to deny leave to amend under

Rule 16(b)(4) de novo in that posture. *See Abdelbaki v. Rector & Visitors of the Univ. of Va.*, No. 3:23-cv-00071, 2025 U.S. Dist. LEXIS 192548, at *1, *3–4 & n.1 (W.D. Va. Sep. 29, 2025). Even if the ruling were treated as nondispositive and reviewed under Rule 72(a), review of the first and second objections would not change. Those objections challenge legal premises (the date from which diligence is measured and the scope of the known-facts rule), and this Court has treated Rule 72(a)'s "contrary to law" standard as equivalent to de novo review. *Convisser v. Linden House, LLC*, No. 3:24-cv-00072, 2025 U.S. Dist. LEXIS 203361, at *25 (W.D. Va. Oct. 15, 2025), *appeal filed*, No. 26-2228 (4th Cir. Sep. 8, 2026).

On de novo review of an issue to which proper objection is made, the Court "is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992); *see Samples v. Ballard*, 860 F.3d 266, 272–75 (4th Cir. 2017) (distinguishing new claims from new arguments that the district court must consider because they address an existing issue). Although a footnote in *Elijah* states that district judges "are not required to consider new arguments posed in objections," that statement was not necessary to the decision, which held that the objections before the district court were specific enough to require de novo review. *Elijah*, 66 F.4th at 460 n.3, 461. The footnote itself cites *Samples* and *George*, which hold that a district court must consider new arguments directed to an issue to which proper objection is made, though not new claims. *Id.* at 460 n.3; *George*, 971 F.2d at 1118; *Samples*, 860 F.3d at 271–75.

This Court has recognized the rule of *George*, while declining to consider new evidence attached to objections. *See Ellston v. LeHew*, No. 5:24-cv-00045, 2025 U.S. Dist. LEXIS 58825, at *12–13, *16–17 (W.D. Va.

Mar. 28, 2025). The arguments below rest on the existing record. Each addresses an issue the Report and Recommendation decided or a disposition that § 636(b)(1)(C) expressly authorizes, so none raises a new issue. *See JTH Tax, LLC v. Shahabuddin*, No. 21-2031, 2023 U.S. App. LEXIS 9285, at *26–27 (4th Cir. Apr. 19, 2023) (stating that a district court "needn't consider new issues raised for the first time in objections, even if it must consider new arguments related to existing issues").

## ARGUMENT

Once the deadline in a scheduling order has passed, the movant must show good cause under Rule 16(b)(4) before the Court reaches Rule 15(a)(2). *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298–99 (4th Cir. 2008). The Report and Recommendation decided only good cause. (R. & R. 2, 4–6, Dkt. No. 56.) Part I shows that Reynolds had good cause. If the Court agrees, Part II asks it to use its authority under § 636(b)(1)(C) to recommit Smith's Rule 15(a)(2) arguments to the Magistrate Judge. Part III shows that any denial of leave should be without prejudice.

### I. Reynolds showed good cause, because Rule 16(b)(4) measures diligence against a deadline the movant could have met, and the amendment deadline passed before any need to amend the Amended Complaint arose.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause "depends on the diligence of the party seeking amendment." *Eichin v. Ethicon Endo-Surgery, LLC*, 173 F.4th 124, 127 (4th Cir. 2026) (quoting *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 n.1 (4th Cir. 2020)). The movant must show "that the deadlines cannot reasonably be met despite the party's

diligence." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.2 (3d ed. 2010)). The inquiry focuses on "the movant's overall conduct of the case, and in particular what action led to missing the scheduling order's deadline." *Id.* at 819.

Diligence is therefore a required element, judged on the whole of the movant's conduct and measured against a deadline the movant could have met. *See Eichin*, 173 F.4th at 127; *Cook*, 484 F. App'x at 815, 819. Reynolds satisfied that standard. After the deadline, the Court authorized an amended pleading and later dismissed claims in it without prejudice, and Reynolds moved to replead those claims within the period the Court had allowed for the first amendment. The Report and Recommendation departed from that standard in three respects. It measured Reynolds against a deadline that could not apply to this amendment (Part I.A). It did not account for the sequence the Court itself followed in the first round (Part I.B). And it treated knowledge of facts as dispositive where the need to plead them arose only from the Court's ruling (Part I.C).

### A. The Report and Recommendation measured diligence from a date before the operative pleading existed.

A deadline that passes before the need to amend arises is one the movant could not have met. The test the Fourth Circuit applied in *Cook* asks "what action led to missing the scheduling order's deadline." *Cook*, 484 F. App'x at 819. A movant who missed the deadline because no amendment was yet possible has not missed it through any action of his own. The movants in *Cook*, by contrast, had known since late 2007 of witnesses who could have led them to the officers they later sought to add, knowingly chose a return date for

their request for production that fell after the amendment deadline, and "never asked for that deadline to be altered prior to its passing." *Id.* Reynolds could not have asked to extend the deadline for an amendment that no ruling had yet required.

Consistent with that test, courts in this circuit have found diligence where the amendment deadline passed before a ruling that dismissed claims without prejudice and so created the need to amend. One court held that when the amendment deadline passed before the plaintiffs' need to amend arose, the deadline "could not reasonably have been met," and it found good cause for an unopposed motion filed more than three months after the ruling that dismissed two defendants without prejudice and created that need. *Rogers v. W. Va. Univ. Bd. of Governors*, No. 2:25-cv-00182, 2026 U.S. Dist. LEXIS 22200, at *1–2, *6–7 (S.D.W. Va. Feb. 3, 2026). The deadline there passed while a motion to dismiss remained undecided. *Id.* at *5–6. Reynolds's deadline also ran while Smith's first motion to dismiss was pending. (Sched. Order ¶ 24, Dkt. No. 19; Mem. Op. 16–17, 45, Dkt. No. 25.)

An earlier amendment does not foreclose that result. A court in the District of South Carolina stated that a plaintiff's earlier amendment could support denying leave, but it recommended finding her diligent where she had amended once before the deadline and later moved, as she argued, "to cure deficiencies identified in the court's Order that dismissed certain claims without prejudice." *Awkard v. Rammelsberg*, No. 4:17-01542-DCC-KDW, 2019 U.S. Dist. LEXIS 100146, at *24–26 (D.S.C. May 10, 2019), *report and recommendation adopted*, No. 4:17-cv-01542-DCC-KDW, 2019 U.S. Dist. LEXIS 99813 (D.S.C. June 14, 2019). The court then denied leave because the proposed amendment was futile. *Id.* at *46, *52; *Awkard*, 2019 U.S. Dist. LEXIS 99813, at *4–5. Reynolds likewise moved to cure the

deficiencies identified in the July 20, 2026 ruling, which dismissed Counts III and VIII without prejudice. (Mem. Op. 13–23, Dkt. No. 47; Order 1, Dkt. No. 48; Pl.'s Mot. Leave File 2d Am. Compl. 1–3, Dkt. No. 53.)

Measuring diligence from the original deadline presupposes a pleading that existed when the deadline ran. In one decision that found a plaintiff not diligent for waiting for a ruling, the pleading she sought to amend was her original complaint, and the court had dismissed her claims with prejudice. *Kamatta v. Burwell*, No. WDQ-14-3684, 2016 U.S. Dist. LEXIS 4817, at *6–7, *10–13 (D. Md. Jan. 13, 2016). The pleading Reynolds sought to amend did not exist until the Court authorized it after the deadline, and both dismissals of the claims he seeks to replead were without prejudice. (Order 1, Dkt. No. 26; Order 1, Dkt. No. 48.)

Reynolds could not have moved to amend the Amended Complaint by December 12, 2025, because the Amended Complaint did not yet exist. Yet the Report and Recommendation required Reynolds to explain why "he could not have filed this motion to amend by December 12, 2025." (R. & R. 4, Dkt. No. 56.) The motion sought leave to amend the Amended Complaint. (Pl.'s Mot. Leave File 2d Am. Compl. 1, Dkt. No. 53.) The period in paragraph 24 began on October 28, 2025, when the original Complaint was the only pleading Reynolds had filed. (Sched. Order ¶ 24, Dkt. No. 19.) The Court authorized the Amended Complaint on December 31, 2025, nineteen days after the deadline, and Reynolds filed that pleading on January 21, 2026. (Order 2, Dkt. No. 26; Am. Compl. 1, Dkt. No. 27.)

The deficiencies the Second Amended Complaint addresses are those the Court identified in the Amended Complaint on July 20, 2026, and the Court had already resolved the deficiencies in the original Complaint by granting leave after the deadline without requiring good cause. (Mem.

Op. 43–44, Dkt. No. 25; Mem. Op. 13–23, Dkt. No. 47.) Measuring diligence from the December 12, 2025 deadline asked whether Reynolds could have amended a pleading that did not yet exist. The standard applied in *Cook* asks instead whether the deadline could reasonably be met despite the movant's diligence. *Cook*, 484 F. App'x at 815. The finding that Reynolds had to explain why he could not have moved by December 12, 2025, applies the wrong measure, and the Court should reject it.

### B. Reynolds followed the sequence the Court used in the first round and moved within the same twenty-one days the Court had allowed then.

The question under Rule 16(b)(4) is the movant's "overall conduct of the case." *Cook*, 484 F. App'x at 819. Courts in this circuit have found diligence where a plaintiff sought leave promptly after a dismissal ruling identified the need to amend. One court rejected the argument that a plaintiff lacked good cause because she "waited until the Court ruled on the motion before she moved to amend." *Cramer v. City of Huntington*, No. 3:26-0343, 2026 U.S. Dist. LEXIS 249400, at *3 (S.D.W. Va. Oct. 30, 2026). It found her diligent where she had asked for leave in her response to the motion to dismiss before the amendment deadline, the court ruled three days after the deadline and told her that any amendment required a motion, and she moved within three weeks of the ruling. *Id.* at *3–4. *Awkard* likewise treated as diligent a motion filed forty-nine days after the dismissal ruling. *Awkard*, 2019 U.S. Dist. LEXIS 100146, at *4, *24–26.

Finding diligence in that sequence is consistent with *Cook*, which looks to the action that led the movant to miss the deadline. *See Cook*, 484 F. App'x at 819. Nothing in that inquiry requires a plaintiff to concede each deficiency

an opponent asserts before the court decides whether the pleading is deficient.

Reynolds's conduct shows the diligence found in *Cramer* and *Awkard*. He asked for leave to amend in June 2025, before the Scheduling Order existed. (Pl.'s Opp'n 10–11, Dkt. No. 12; Mem. Op. 44, Dkt. No. 25.) The amendment deadline ran while the first motion to dismiss was pending. (Sched. Order ¶ 24, Dkt. No. 19; Mem. Op. 16–17, 45, Dkt. No. 25.) When the Court ruled, it granted leave under Rule 15(a)(2), after the deadline, without requiring good cause. (Mem. Op. 43–44, Dkt. No. 25.) Reynolds repleaded within the twenty-one days the Court allowed. (Mem. Op. 44, Dkt. No. 25; Am. Compl. 1, Dkt. No. 27.) When the Court again dismissed the repleaded counts without prejudice on July 20, 2026, Reynolds moved within the same twenty-one days. (Order 1, Dkt. No. 48; Pl.'s Mot. Leave File 2d Am. Compl. 1, Dkt. No. 53.) The July 20, 2026 Order set no period for amendment. Twenty-one days is within the three weeks the court in *Cramer* found diligent, and it is less than half the forty-nine days that passed in *Awkard*.

In each decision denying leave, the movant could have amended before the deadline ran. The Fourth Circuit affirmed a finding of no good cause where the district court's dismissal order put counsel on notice forty-six days before the amendment deadline, counsel moved "a day after the scheduling order's deadline," and counsel then "waited several weeks" after a second order. *Montgomery v. Anne Arundel Cnty.*, 182 F. App'x 156, 160, 162 (4th Cir. 2006) (per curiam). No ruling on Reynolds's pleadings issued before his deadline, and the first came nineteen days after it. (Order 1–2, Dkt. No. 26.)

Two district court decisions in this circuit that denied leave fit that distinction. In *Abdelbaki*, the defendants' first motion to dismiss had placed the plaintiff "on notice of potential deficiencies in his complaint in April 2024,"

before the July 1, 2024 deadline, and the plaintiff moved in March 2025 with no intervening ruling on the sufficiency of his complaint. 2025 U.S. Dist. LEXIS 192548, at *3, *8. A court in the Southern District of West Virginia denied leave where the plaintiff knew "as far back as August of 2014," almost two months before the deadline, what he later sought to add. *Justice v. Mine Safety & Health Admin.*, No. 2:14-14438, 2015 U.S. Dist. LEXIS 100240, at *11–13 (S.D.W. Va. July 31, 2015). It added that even if the ruling had first given the plaintiff notice, he waited nearly two months after it, until the agency had moved for summary judgment, and that amendment would then prejudice the agency. *Id.* at *12–13. Reynolds moved twenty-one days after the July 20, 2026 ruling, and no motion for summary judgment has been filed. Reynolds could not have amended a pleading the Court had not yet authorized, and the only ruling that identified the deficiencies in the Amended Complaint came on July 20, 2026. The Court should therefore reject the finding that Reynolds did not show diligence because he moved to amend only after a dismissal without leave to amend and after the Rule 16 deadline had expired. (R. & R. 4, Dkt. No. 56.)

### C. Reynolds's knowledge of the facts does not defeat good cause, because the repleaded counts rest on conduct he pleaded from the outset and respond to the deficiencies the Court identified on July 20, 2026.

The known-facts rule stated in *Faulconer* addresses a claim the movant failed to raise. "If the moving party knew of the underlying conduct giving rise to a claim but simply failed to raise it in an initial complaint, then the party cannot establish good cause under Rule 16." *Faulconer*, 808 F. App'x at 152. More than eight months after the deadline, and without any explanation for the delay, the movant there sought to add the ADEA as a statutory

basis for a retaliation claim his complaint had pleaded only under Title VII. *Id.* at 151, 153. The rule therefore asks whether the movant failed to raise a claim he could have raised, not whether he could have pleaded the conduct underlying an existing claim more fully before a court found the pleading insufficient. *See id.* at 152.

The reasons the *Kamatta* court gave do not reach this case, although it too denied leave to a plaintiff who waited for a ruling to learn the deficiencies in claims she had already pleaded. *Kamatta*, 2016 U.S. Dist. LEXIS 4817, at *11–13. The court had dismissed the claims with prejudice, so the plaintiff sought reconsideration, and the court reasoned that "dismissals with prejudice on a motion to dismiss would lose all meaning" if the opinion itself supplied good cause. *Id.* at *7, *12–13. This Court dismissed the claims Reynolds seeks to replead without prejudice both times. (Mem. Op. 43–45, Dkt. No. 25; Order 1, Dkt. No. 26; Order 1, Dkt. No. 48.) And the plaintiff in *Kamatta* failed to recognize controlling authority until the defendant's reply brief cited it. She then stood on her complaint, and the court called that choice "a tactical decision." *Kamatta*, 2016 U.S. Dist. LEXIS 4817, at *11–12.

Although Reynolds opposed Smith's February 11, 2026 motion without amending or asking for leave in response to it, he did so after the Court, in the first round, had granted leave after the deadline without requiring good cause. (Pl.'s Opp'n 1, Dkt. No. 38; Pl.'s Am. Resp. 1, Dkt. No. 39-1; Mem. Op. 43–44, Dkt. No. 25.) Opposing a motion to dismiss is not failing to raise a claim, and following the course the Court itself had taken is not the tactical choice *Kamatta* faulted. The first ruling that the Amended Complaint fell short came on July 20, 2026. (Mem. Op. 13–24, Dkt. No. 47.)

In his original Complaint, Reynolds pleaded Smith's conduct on which both counts rest, the continued distribution of *Brady* letters to prospective

employers, and the Report and Recommendation identifies both counts in that pleading. (R. & R. 1 n.1, Dkt. No. 56; Compl. ¶¶ 105–106, 154, 215–216, Dkt. No. 1.) Repleaded Count III rests on the September 2023 EEOC inquiry, which the Amended Complaint pleaded and the July 20, 2026 ruling addressed, and on the distribution of *Brady* letters to prospective employers that the original Complaint pleaded as ongoing retaliation. (Prop. 2d Am. Compl. ¶ 32, Dkt. No. 53-1; Am. Compl. ¶ 20, Dkt. No. 27; Mem. Op. 17–18, Dkt. No. 47; Compl. ¶ 154, Dkt. No. 1.) Describing that claim as an employment-track claim identifies where the adverse action fell; it does not add a claim Reynolds failed to raise.

In December 2025, the Court found that Reynolds "could allege sufficient facts that would allow Counts III and VIII to proceed" and granted leave on that basis. (Mem. Op. 44, Dkt. No. 25.) That ruling faulted the Complaint for not identifying the statements and their publication, and it stated that it could not "effectively evaluate" whether the *Brady* letters contained actionable statements of fact. (*Id.* at 41–43.) The July 20, 2026 ruling was the first to address whether the letter's statement was false, and it held that the Amended Complaint's own allegations did not plausibly show falsity. (Mem. Op. 14–17, Dkt. No. 47.)

The Second Amended Complaint repleads the same conduct with a dated account of the March 10, 2025 telephone call in which Chief Metje told Reynolds why Nelson County could not hire him, and with a theory of defamation by implication directed to the July 20, 2026 holding on falsity. (Prop. 2d Am. Compl. ¶¶ 18–20, 37–38, Dkt. No. 53-1; Mem. Op. 13–17, Dkt. No. 47.) Repleading known conduct to address deficiencies a court's ruling identified is not the failure to raise a claim that *Faulconer* addresses, and a court in this circuit has treated a repleading for that purpose as diligent. *See*

*Awkard*, 2019 U.S. Dist. LEXIS 100146, at *26. The finding that Reynolds "had these facts all along" extends *Faulconer* beyond its rule, and the Court should reject it. (R. & R. 5, Dkt. No. 56.)

## II. If the Court finds good cause, it should recommit Smith's Rule 15(a)(2) arguments to the Magistrate Judge, because no judicial officer has decided them.

When the Court reviews a recommendation, it "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C). The Report and Recommendation decided only good cause under Rule 16(b)(4) and did not address Smith's arguments that amendment would be prejudicial and futile. (R. & R. 2, Dkt. No. 56; Def.'s Opp'n 4–9, Dkt. No. 54.) Those arguments depend on the allegations of the proposed Second Amended Complaint. After recommending a finding of diligence under Rule 16(b)(4), the court in *Awkard* turned separately to the Rule 15(a) factors, including futility. *Awkard*, 2019 U.S. Dist. LEXIS 100146, at *26–28. If the Court sustains the first and second objections, it should recommit the motion to the Magistrate Judge with instructions to decide Smith's remaining arguments under Rule 15(a)(2).

## III. Any denial should be without prejudice, because a ruling that an amendment is untimely does not determine the merits of Counts III and VIII.

Section 636(b)(1)(C) permits the Court to modify the recommendation. If the Court denies leave, it should modify the recommendation so that the denial is without prejudice and states that it does not determine the merits of Counts III and VIII or bar their assertion in a separate action.

Rule 16(b)(4) governs only whether the schedule in the pending action "may be modified." Fed. R. Civ. P. 16(b)(4). A denial under that rule therefore

rests only on a finding that an amendment comes too late in the pending action. It does not decide whether the proposed claims state a claim, and the Report and Recommendation expressly did not reach Smith's arguments under Rule 15(a)(2), including futility. (R. & R. 2, Dkt. No. 56.) The Court itself has twice dismissed the claims Reynolds seeks to replead without prejudice. (Order 1, Dkt. No. 26; Order 1, Dkt. No. 48.) In December 2025 it found that amendment would not be futile, and although the July 20, 2026 opinion found the Amended Complaint's allegations insufficient, it too dismissed without prejudice. (Mem. Op. 44, Dkt. No. 25; Mem. Op. 14–24, Dkt. No. 47.) The Report and Recommendation gives no reason for converting a timeliness ruling into a disposition with prejudice. (R. & R. 6, Dkt. No. 56.)

When a court in the Eastern District of Virginia dismissed two theories of liability with prejudice after denying leave to amend them, it did so while deciding a pending motion to dismiss those theories, in the exercise of its discretion under Rule 12(b)(6), and after finding that another opportunity to amend would be futile. *Braxton v. Lideslambous, Inc.*, No. 4:24-cv-119, 2026 U.S. Dist. LEXIS 15449, at *1–2, *2 n.1, *23 (E.D. Va. Jan. 27, 2026). This Court decided the Rule 12(b)(6) motion on July 20, 2026, and dismissed Counts III and VIII without prejudice. (Order 1, Dkt. No. 48.) No judicial officer has found that the Second Amended Complaint would be futile. (R. & R. 2, Dkt. No. 56.)

Whether any denial is with or without prejudice may decide whether Reynolds can pursue Counts III and VIII in another action. Courts in this circuit have given a denial of leave to amend preclusive effect against the claims the amendment would have asserted. *See Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 397–98 (4th Cir. 2006) (per curiam) (applying West Virginia law); *Humane Soc'y of the U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,

No. PWG-16-2029, 2017 U.S. Dist. LEXIS 166064, at *29 (D. Md. Oct. 6, 2017) (applying Maryland law to give res judicata effect to a denial of leave "even though the denial was based on a failure to show good cause"), *aff'd per curiam*, 757 F. App'x 270 (4th Cir. 2019). A treatise the *Humane Society* court cited states that preclusion should apply "[u]nless the court can be persuaded to direct that denial of leave to amend is without prejudice to advancing the new matter in a separate action." *Humane Soc'y*, 2017 U.S. Dist. LEXIS 166064, at *28 (quoting 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4412 (3d ed. 2016)).

A denial with prejudice would decide in advance a question that belongs to the court of any later action. In the first action between the *Humane Society* parties, the court declined to clarify that its denial of leave was without prejudice because the plaintiff had already filed the separate action, a motion to dismiss that action as precluded was pending before another judge, and the preclusive effect of the denial was for that judge to decide. *Humane Soc'y of the U.S. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. DKC 13-1822, 2017 U.S. Dist. LEXIS 60818, at *12–16 (D. Md. Apr. 21, 2017). That court explained that what was before it was "solely whether Plaintiffs had established good cause to alter the scheduling order" and satisfied the standard for amendment "in this action." *Id.* at *16. No separate action is pending here, and the Report and Recommendation does not leave the label open, because it recommends a denial with prejudice. (R. & R. 6, Dkt. No. 56.) Only a denial without prejudice confines the ruling to the timeliness question that was before the Magistrate Judge.

The label also bears on Virginia's tolling statute, which excludes from the limitations period the time during which an earlier action was pending when that action "is dismissed without determining the merits." Va. Code

Ann. § 8.01-229(E)(1). The statute applies to actions in federal court. *Welding, Inc. v. Bland Cnty. Serv. Auth.*, 541 S.E.2d 909, 912 (Va. 2001). Federal courts apply Virginia's tolling rules to claims under 42 U.S.C. § 1983. *See Scoggins v. Douglas*, 760 F.2d 535, 537–38 (4th Cir. 1985) (per curiam). But "for purposes of Code § 8.01-229(E)(1), a dismissal with prejudice is a determination on the merits." *Gilbreath v. Brewster*, 463 S.E.2d 836, 837–38 (Va. 1995).

Federal courts weigh that consequence when they decide whether to keep state claims or dismiss them for refiling. The Fourth Circuit has called "the existence of any state limitations bars to refiling in state court" a "critical equitable factor" in deciding whether a federal court should keep or dismiss claims that could be refiled there. *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995). Count VIII is a Virginia claim, and the label on any denial may determine whether section 8.01-229(E)(1) can toll the period during which Count VIII was pending here. *Cf. id.* at 112 n.2 (stating that district courts "should make an effort to determine whether the presence of a state savings or tolling statute would permit plaintiffs to proceed in state court free from any limitations bar").

A denial with prejudice would therefore give a ruling on timeliness the effect of a judgment on the merits of claims that this Court has dismissed only without prejudice and that no judicial officer has evaluated as repleaded.

## CONCLUSION

Reynolds respectfully requests that the Court sustain these objections, decline to adopt the Report and Recommendation, and recommit the motion to the Magistrate Judge to decide Smith's remaining arguments under Rule 15(a)(2), or, in the alternative, deny leave without prejudice and state that the denial does not determine the merits of Counts III and VIII or bar their assertion in a separate action.

Respectfully submitted,

Dennis B. Reynolds
By Counsel

/s/ Elliott M. Harding
Elliott M. Harding, Esq.
VSB No. 90442
Harding Counsel, PLLC
123 East Main Street, Eighth Floor, Suite 8B
Charlottesville, Virginia 22902
(434) 202-2762
Elliott@HardingCounsel.com
Counsel for Plaintiff Dennis B. Reynolds

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

## CERTIFICATE OF SERVICE

I certify that on November 4, 2026, I filed this document with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

/s/ Elliott M. Harding
Elliott M. Harding, Esq.
VSB No. 90442