UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| DENNIS B. REYNOLDS,<br>Plaintiff,<br><br>v.<br><br>DONALD L. SMITH,<br>Defendant. | Civil Action No. 5:25-cv-00044 |

# Plaintiff Dennis B. Reynolds's Objection to the Order Denying His Motion to Extend the Discovery Deadline

## PRELIMINARY STATEMENT

Good cause under Rule 16(b)(4) depends on diligence, judged on the movant's overall conduct of the case. Reynolds moved to extend discovery six days before it closed, while Smith's motion to dismiss Counts III and VIII had been pending for five months, and Smith identified no prejudice to himself. Was the Order contrary to law in measuring diligence by the timing of Reynolds's discovery alone?

## SPECIFIC OBJECTIONS

1. Reynolds objects to the ruling that he had not explained why the pending motion to dismiss Counts III and VIII was good cause to extend the discovery deadline. (Order 2–3, Dkt. No. 55.) Smith's motion would decide whether discovery extended to Counts III and VIII, and Reynolds moved to extend before discovery closed.
2. Reynolds objects to the finding that he "did not act diligently to meet this Court's July 21, 2026 deadline to complete discovery." (Order 3, Dkt. No. 55.) The Order measured diligence by the date of Reynolds's

first written discovery alone rather than by his overall conduct of the case, including a motion to extend filed while the motion to dismiss remained undecided.

## BACKGROUND

Under the Scheduling Order entered on October 28, 2025, discovery would close on July 21, 2026, ninety days before the October 19, 2026 trial date. (Sched. Order 1 & ¶ 4, Dkt. No. 19.) On December 12, 2025, the Court canceled the trial date and kept July 21, 2026, as the close of discovery. (Oral Order, Dkt. No. 22; Order 1–2, Dkt. No. 55.) Smith's motion to dismiss the Amended Complaint, including Counts III and VIII, had been pending since February 11, 2026. (Def.'s Mot. Dismiss Am. Compl. 1, Dkt. No. 32; Order 1, Dkt. No. 48.) On July 15, 2026, six days before discovery closed and two days after he served his first interrogatories, Reynolds moved to extend the deadline. (Pl.'s Mot. ¶ 10, Dkt. No. 46; Order 1, 3, Dkt. No. 55.) The Court decided the motion to dismiss on July 20, 2026, one day before the deadline. (Mem. Op. 24, Dkt. No. 47; Order 1, Dkt. No. 48.) Smith opposed the extension and identified no prejudice to himself. (*See* Def.'s Opp'n 1–2, Dkt. No. 50.) The Court then vacated the dispositive-motions deadline "[i]n light of" Reynolds's motion. (Oral Order, Dkt. No. 52.)

On October 21, 2026, the Magistrate Judge denied the motion to extend. The Order stated that Reynolds had not explained why the pending motion to dismiss was good cause to extend the discovery deadline. (Order 2–3, Dkt. No. 55.) It then found that Reynolds had not shown that he conducted discovery diligently, noting that the Scheduling Order requires written discovery to be served early enough for responses to fall due by the close of

discovery and that answers to the July 13 interrogatories were not due until August 13, 2026. (Order 3, Dkt. No. 55; Sched. Order ¶ 4, Dkt. No. 19.) It concluded that Reynolds "did not act diligently to meet this Court's July 21, 2026 deadline to complete discovery." (Order 3, Dkt. No. 55.) The Court has since reset the dispositive-motions deadline to November 23, 2026. (Oral Order, Dkt. No. 57.)

## STANDARD OF REVIEW

The Court "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Convisser v. Linden House, LLC*, No. 3:24-cv-00072, 2025 U.S. Dist. LEXIS 203361, at *25 (W.D. Va. Oct. 15, 2025) (citation modified), *appeal filed*, No. 26-2228 (4th Cir. Sep. 8, 2026). This Court has treated the contrary-to-law standard as equivalent to de novo review. *Id.*

Although a ruling on a motion to modify a schedule is discretionary, that discretion does not exempt the ruling from correction for legal or factual error, because "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 n.2 (2014) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990)). Both objections challenge rulings that rest on a conclusion of law, and the second also challenges the resulting finding as clearly erroneous.

## ARGUMENT

The Order is contrary to law, because it measured Reynolds's diligence by the timing of his discovery alone rather than by his overall conduct of the case, which included a motion to extend filed while Smith's motion to dismiss remained undecided.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant must show "that the deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (per curiam) (quoting 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1522.2 (3d ed. 2010)). The inquiry looks to "the movant's overall conduct of the case, and in particular what action led to missing the scheduling order's deadline." *Id.* at 819.

Whatever other factors a court considers, a movant cannot show good cause without diligence. *See Cook*, 484 F. App'x at 815. Those other factors include "whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party." *Nixon v. Kysela Pere et Fils, Ltd.*, No. 5:21-cv-00011, 2025 U.S. Dist. LEXIS 12947, at *3 (W.D. Va. Jan. 24, 2025) (quoting *RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-00066, 2019 U.S. Dist. LEXIS 70903, at *7 (W.D. Va. Apr. 26, 2019)).

Which claims remain in a case bears directly on whether a discovery deadline can reasonably be met, because discovery reaches matter "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Reynolds sought relief before the deadline ran and while the motion that would decide whether discovery extended to Counts III and VIII remained pending. (Pl.'s Mot. ¶ 7, Dkt. No. 46.) Although Count II stayed in the case throughout, the scope of

discovery on Counts III and VIII remained undecided until July 20, 2026. (Mem. Op. 24, Dkt. No. 47; Order 1, Dkt. No. 48.) The Court itself treated his motion as a reason to adjust the schedule when it vacated the dispositive-motions deadline. (Oral Order, Dkt. No. 52.)

That timely motion distinguishes this case from one in which this Court found discovery requests filed on the last day of discovery untimely and the plaintiff had never moved to extend the deadline. *Brown v. Va. Dep't of Transp.*, No. 7:07CV00282, 2009 U.S. Dist. LEXIS 12462, at *15–16 n.1 (W.D. Va. Feb. 18, 2009). A timely motion also distinguishes the Fourth Circuit's recent affirmance of a finding of no diligence where the movant served his discovery requests the day after the deadline for identifying the evidence they sought and moved to extend a different deadline twenty days after it had passed. *Eichin v. Ethicon Endo-Surgery, LLC*, 173 F.4th 124, 127 (4th Cir. 2026). Reynolds served his interrogatories before discovery closed. In affirming a finding of no diligence in *Cook*, the Fourth Circuit counted against the movants that they "never asked for that deadline to be altered prior to its passing." *Cook*, 484 F. App'x at 819. Reynolds asked before the discovery deadline passed.

A limited extension would require only that Smith answer discovery Reynolds served before the deadline, and Smith identified no prejudice to himself from one. (*See* Def.'s Opp'n 1–2, Dkt. No. 50.) That extension is narrower than, and within, the relief Reynolds asked the Magistrate Judge to grant, which would have kept discovery open for at least sixty days after the ruling on the motion to dismiss. (Pl.'s Mot. ¶ 9, Dkt. No. 46.) Nothing in the Order questions Reynolds's good faith. (*See* Order 1–3, Dkt. No. 55.) Although the Scheduling Order requires written discovery to be served early enough for responses to fall due by the close of discovery, and answers to

interrogatories served on July 13, 2026, could not fall due by July 21, Reynolds moved to modify that schedule before the deadline ran. (Pl.'s Mot. ¶ 9, Dkt. No. 46; Sched. Order ¶ 4, Dkt. No. 19; Order 3, Dkt. No. 55.) If a limited extension would make answers fall due after November 23, 2026, the Court can adjust the dispositive-motions deadline, as it did when it vacated the earlier deadline in light of Reynolds's motion. (Oral Order, Dkt. No. 52; Oral Order, Dkt. No. 57.) Without an extension, discovery Reynolds served before the deadline will go unanswered, and the Court will decide the dispositive motions due November 23, 2026, without it. The Order did not address these considerations. (*See* Order 2–3, Dkt. No. 55.)

The Order thus measured diligence by whether answers to Reynolds's first interrogatories could fall due before the deadline. (Order 3, Dkt. No. 55.) Rule 16(b)(4) asks instead whether the deadline could reasonably be met despite the movant's diligence, judged on the movant's overall conduct of the case and on what led to missing the deadline. *See Cook*, 484 F. App'x at 815, 819. Measuring diligence by the date of Reynolds's first written discovery alone applies the wrong legal standard, and the Order's diligence ruling is therefore contrary to law. Its ruling on the pending motion to dismiss is contrary to law for the same reason, because which claims remained bore directly on whether the deadline could reasonably be met. On a record that shows a motion to extend filed before the deadline, a dispositive motion pending until the day before discovery closed, and no prejudice to Smith, the finding that Reynolds did not act diligently is also clearly erroneous.

## CONCLUSION

Reynolds respectfully requests that the Court modify the Order and extend discovery for the limited purpose of requiring Smith to answer and respond to the written discovery Reynolds served before July 21, 2026, within fourteen days of the Court's order.

Respectfully submitted,

Dennis B. Reynolds
By Counsel

/s/ Elliott M. Harding
Elliott M. Harding, Esq.
VSB No. 90442
Harding Counsel, PLLC
123 East Main Street, Eighth Floor, Suite 8B
Charlottesville, Virginia 22902
(434) 202-2762
Elliott@HardingCounsel.com
Counsel for Plaintiff Dennis B. Reynolds

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

## CERTIFICATE OF SERVICE

I certify that on November 4, 2026, I filed this document with the Clerk of Court using the CM/ECF system, which will send notice of the filing to all counsel of record.

/s/ Elliott M. Harding
Elliott M. Harding, Esq.
VSB No. 90442